# BALTIMORE CITY COURT.

Filed December 17, 1918.

JOSEPH A. LAVEZZA, ET AL.,
VS.
THE MAYOR AND CITY COUNCIL
OF BALTIMORE.

*Edwin H. Brownley* and *Bartlett, Poe & Claggett* for plaintiffs.

*S. S. Field*, City Solicitor, for defendant.

BOND, J.—

It is much to be regretted, I think, that the comparatively simple points of controversy on the law in this case have to be submitted in pleadings of such volume, so multiplied in number. The points which the parties wish to present have to be mined out. The pleas especially bear little or no resemblance to common law pleading. I venture to think the rules to avoid prolixity, such as the preference of the general issue plea and the avoidance of surplusage might be given more recognition here.

## PLAINTIFF'S DEMURRERS

*To the First Plea to the First Count of the Amended Declaration.*

The first count alleges that in the work specified all the plaintiff's obligations have been performed, the engineer's estimate and certificate given accordingly, so that all prerequisites to payment have been made, but the money has not been paid.

The first plea in effect admits all these allegations, but adds that the plaintiffs will not receive the amount in full satisfaction and discharge.

This is no objection to the payment of the amount claimed in the first count. Nothing but a plea of tender or one of set-off seems appropriate.

This demurrer is sustained.

*To the Third and Fourth Pleas to the Second Count.*

The second count, based upon an alleged change of route for the sewer, alleges that the work on the detour was not covered by the contract, but was understood by the parties to be "extra work" within the classification of "extra work" under the contract, according to which much greater compensation than that offered is due and is now sued for.

The third plea to this count states that under the terms of the contract, a claim for classification as extra work is not valid unless submitted in writing within a time specified, and that for want of compliance with this term of the contract the present claim is not valid.

The fourth plea to the second count alleges:

1. That the work on the detour was done under an agreement that the compensation should remain unchanged.

2. That it is not to be classified as "extra work" because this was not duly applied for in writing.

3. A prerequisite that special itemized estimates should be made of "extra work" in each month was not complied with.

4. Another prerequisite that a fully itemized bill for the work as "extra work" should be presented to the Sewerage Commission was not complied with.

5. The plaintiffs have not met another prerequisite for the classification as extra work that they should furnish the engineer with itemized accounts of all costs of the work in due time.

6. That the estimate of the engineer has excluded the plaintiffs' present claim, and under the terms of the contract his decision is binding upon the plaintiffs.

The fourth plea is clearly guilty of the vice of "duplicity."

Both the third and fourth pleas are subject to another objection. The route of the proposed sewer seems to be one of the essential terms of the contract. Bidders are required to examine the location for themselves and determine the

surroundings and nature of the work and the difficulties of excavation there; quantities are estimated on the basis of the route, necessarily; obstructions in the line specified from tracks, pipes, conduits and other structures have to be considered by the contractors, they taking all risk of mistake and surprise as to these difficulties. The City is authorized to change alignment, grade, etc., of the sewers, but nowhere is the City given the right to shift the work or any part of it to another route. So far as work is shifted to another route it is outside the contract unless brought within by new agreement. If there was a new agreement, then that agreement will, of course, govern to its full extent. In the absence of an agreement the plaintiffs' rights would rest upon quantum meruit. In no event would the engineer's decision alone settle the rights of the parties in respect to this part of the work. And the prerequisites mentioned in Clause 63 of the General Specifications upon which these pleas are largely based, the clause concerning "extra work," have nothing to do with such work as is alleged in the second count. The count sets up a new or amended contract, not allegation of extra work under the contract. An agreement of the parties on a change of route clearly is not to be governed by these requirements of the written approval of the engineer, his certification of the necessity of it, and the rest.

The demurrers to these pleas are sustained.

### To the First, Second, Third and Fourth Pleas to the Third Count.

This count, as I understand it, claims for loss caused to the plaintiffs by breach of the contract as it originally stood; the allegation being that the delay and the waste of preparations made for the work as originally contracted for caused a loss which is not covered by compensation for the work eventually done.

The first plea sets up an agreement that compensation for the work on the detour should be the same as if the work had been done according to the original contract, and sets up also that the engineer had estimated the amount due for the work on the revised line and that his decision was made final by the terms of the contract. This plea does not answer the count at all, as I construe the count. The demurrer to it is sustained.

The second plea to the third count incorporates the first plea by reference and, in addition, sets up that under the terms of the contract no claim for extra payment on account of any increase in the difficulty of the work will be valid unless made in writing to the engineer, and that because of failure to comply with this prerequisite the plaintiffs' present claim is invalid. But the claim is not such as the clause of the contract is concerned with. It is not a claim for extra payment on account of increase of difficulty in the work under the contract. The demurrer to this plea is also sustained.

The third plea to the third count, after embodying by reference the matter in the first plea, adds that under the contract the engineer is given power to direct the order of the work, etc., that the Commission is given power to suspend the work, and that damages from delay by reason of precedence of paying contracts and other causes which do not include the cause alleged in this count; a failure of rights of way and final abandonment of so much of the route contracted for, are not recoverable. The plea is double and immaterial. The demurrer to this is sustained.

The fourth plea to the third count, also embodying the first plea by reference, alleges that by a compensating allowance of time on the work made by the engineer the delay caused by the alleged abandonment of part of the route and any damage from that was paid for. It further alleges compensation in that damages specified in the contract for contractors delays were not charged against plaintiffs. This pleading is double. Furthermore, there would be no obligation upon the plaintiff to accept the compensation alleged as compensation in fact. It is not compensation in law, and the plea is not good as a plea in bar. The demurrer to it is sustained.

### To the First and Third Pleas to the Fourth Count of the Declaration.

The count embodies a claim for work in excavation below grade and a gravel refill. It alleges that although the work

was done the engineer treated it as excluded from the contract and refused to consider it in making up his estimate of work done.

The first plea sets out, as is done in previous pleas, agreement of the parties, subsequent to the original contract, that the work on the detour already spoken of should be done at the compensation the plaintiffs would have received had the work proceeded along the route contracted for. This seems clearly irrelevant.

Then the plea proceeds with the clauses concerning decisions of the engineer, and alleges that he did determine finally the amount of work done on the revised line as well as on the rest of the contract. This does not answer specifically the allegation that the engineer treated the work designated as excluded from the contract, and, accordingly, did not take it into account at all. The demurrer is sustained to this plea.

The third plea to this count does specifically deny that any such work was omitted from consideration by the engineer. Upon demurrer it must be held bad by reason of duplicity, and the same immateriality of matter previously set forth in the same plea.

### Plaintiff's Demurrer to the First Plea to the Fifth Count of the Declaration.

The fifth count, like the first, alleges that all the work contracted for under the contract specified, has been exactly and fully performed, the engineer's estimate and certificate given showing to be due the amount now claimed; and that amount is now sued for.

The plea is also similar in effect to that to the first count. For the same reasons the demurrer to it will be sustained.

### DEFENDANT'S DEMURRERS

### To the First and Second Replications to the First Plea to the Second Count of the Declaration.

The plea in this instance sets up an agreement on the compensation for work on the detour and that the engineer, according to the contract, with this amendment, has estimated the work, found due an amount now admitted by the defendant, and his finding precludes the plaintiffs' claim.

The first replication is merely a specific denial of these allegations. The demurrer to it will be overruled.

The second replication to the plea is to substantially the same effect, and I see no fault in it. The demurrer to it will be overruled.

### To the First and Second Replications to the Second Plea to the Second Count.

The second plea to the second count alleges that the parties had agreed upon compensation for the work mentioned in the count, that this agreed compensation had been allowed by the engineer and the amount having been counted into the total compensation for all work there was left in the settlement of accounts a sum due, less than that claimed, and which the defendant was ready to pay. Both the replications demurred to seem to me to be as specific denials as can be made. The demurrers are overruled.